IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **SAKI KOHAMA**, *on behalf of herself and all others similarly situated,*<br>1823 Cabernet Drive<br>Chula Vista, CA 91913,<br><br>    *Plaintiff,*<br><br>    v.<br><br>**GOVERNMENT EMPLOYEES INSURANCE COMPANY**,<br>5620 Western Avenue<br>Chevy Chase, MD 20815,<br><br>    *Defendant.* | **Civil Action No. 8:24-CV-743**<br><br>**CLASS ACTION COMPLAINT** |

## I.   PRELIMINARY STATEMENT

1.   Plaintiff Saki Kohama brings this lawsuit on behalf of herself and other consumers like her because of Defendant's violations of section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1785.36.

2.   Defendant regularly provides information about its insurance policyholders to consumer reporting agencies (singular, "CRA"), but when Plaintiff and others disputed erroneous information that Defendant had previously furnished through the CRAs, as is their right under the FCRA, Defendant failed to correct its own information after receiving notice of the disputes pursuant to standardized FCRA dispute processing procedures.

3. Defendant further failed to instruct the CRA from which it received notice of the dispute to mark the inaccurate, disputed information as "disputed," which minimally would have alerted those who received a credit report about Plaintiff and those similarly situated that the information was contested and should not count against them in the computation of their credit scores and/or the determination of their eligibility for the most competitive insurance rates.

4. As a result of Defendant's conduct, Plaintiff and others like her expended unnecessary time and resources to dispute inaccurate credit information it furnished about them, had their credit reputations with CRAs and others unfairly tarnished and diminished, had their credit scores harmed and diminished, and were unable to obtain the best insurance rates otherwise available to them.

5. Defendant's common course of conduct and legal violations entitle Plaintiff and those she seeks to represent to statutory damages, actual damages, punitive damages, and attorneys' fees and costs under the FCRA.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

8. Plaintiff Saki Kohama is a natural person and resident of Chula Vista, California. At all relevant times, she was a "consumer." *See* 15 U.S.C. § 1681a(c); CAL. CIV. CODE § 1785.3(b).

9. Defendant Government Employees Insurance Company is a Nebraska corporation that regularly conducts business throughout the United States, including within the District of Maryland, and maintains its principal place of business in Chevy Chase, Maryland.

## IV. FACTUAL ALLEGATIONS

*Applicable Legal Framework*

10. "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citing 15 U.S.C. § 1681).

11. FCRA-covered entities must follow procedures in reporting consumer credit information that both "meet[ ] the needs of commerce" and are "fair and equitable to the consumer." *Saunders v. Branch Banking and Tr. Co. of Virginia*, 526 F.3d 142, 147 (4th Cir. 2008) (quoting 15 U.S.C. § 1681(b)).

12. In addition to well-known CRAs like Equifax, Experian, Trans Union, and Innovis, the FCRA regulates the conduct of "furnishers of information," entities that provide—or "furnish"—information about consumers to CRAs.

13. If a consumer disputes "the completeness or accuracy of any item of information contained in [his or her] file at a [CRA]," the FCRA requires the CRA to take several affirmative steps. *See* 15 U.S.C. § 1681i(a)(1)(A).

14. Relevant here, the CRA that receives the consumer's dispute must "provide notification of the dispute to [the furnisher] who provided any item of information in dispute" [to the CRA] and "shall include all relevant information

3

regarding the dispute that the [CRA] has received from the consumer[.]" 15 U.S.C. § 1681i(a)(2).

15. After receiving notice of the consumer's dispute from the CRA, the furnisher must "conduct an investigation with respect to the disputed information[,] . . . review all relevant information provided by [the CRA, and] report the results of the investigation to the [CRA]." 15 U.S.C. § 1681s 2(b)(1)(A)-(C).

16. The FCRA accordingly requires that a furnisher of credit information "conduct a reasonable investigation of [its] records to determine whether the disputed information can be verified." *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004); *Saunders*, 526 F.3d at 148 (the "FCRA requires furnishers to determine whether the information that they previously reported to a CRA is 'incomplete or inaccurate.'") (citation omitted).

17. If the disputed information "is found to be inaccurate or incomplete or cannot be verified after any reinvestigation," the furnisher must promptly "modify that item of information," "delete that item of information," or "permanently block the reporting of that item of information." 15 U.S.C. § 1681s 2(b)(1)(E)(i)-(iii).

18. Furthermore, "[i]f the completeness or accuracy of any information furnished by any person to any [CRA] is disputed to such person by a consumer, the person may not furnish the information to any [CRA] without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2b(a)(3).

19. That is, "a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b)."

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162-63 (9th Cir. 2009) (citing *Saunders*, 526 F.3d at 150); *see also Seamans v. Temple Univ.*, 744 F.3d 853, 867 (3d Cir. 2014) (a furnisher violates FCRA section 1681s-2(b) "when, having received notice of a consumer's potentially meritorious dispute, [it] subsequently fails to report that the claim is disputed.").

20. The complete and accurate furnishing of information about consumers is important because even small errors can disproportionately influence the cost of certain services, such as automobile insurance.

21. Relatedly, designating disputed information as "disputed" is similarly important because "when a furnisher responds to a dispute verification form and relates an ongoing dispute, [a CRA] does not include the derogatory information in assessing the credit score." *Saunders*, 526 F.3d at 150.

22. Pursuant to section 1785.25(a) of the CCRAA, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

*Defendant's Relevant Business Practices*

23. Defendant, individually and in in coordination with a number of affiliated companies, insures private passenger automobiles and other vehicles.

24. Defendant's affiliates include, without limitation, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company,

5

GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, and GEICO County Mutual Insurance Company.

25. GEICO Insurance Agency, Inc. is another of Defendant's affiliates that provides homeowner and other types of insurance.

26. Defendant and its affiliated companies market collectively under the trade name "GEICO."

27. In the normal course of business, Defendant and its affiliates maintain detailed business records concerning, *inter alia*, policyholders' insurance claims and devote substantial resources to ensuring the completeness and accuracy of those records for underwriting and other business purposes.

28. Upon information and belief, Defendant and its affiliates share records concerning their respective policyholders' insurance claims in the regular course of business.

29. Defendant participates in the "Comprehensive Loss Underwriting Exchange" ("C.L.U.E."), a voluntary program pursuant to which it furnishes information about its policyholders, as well as those of its affiliates, to LexisNexis.

30. LexisNexis maintains a database that includes, *inter alia*, information furnished by C.L.U.E. participants.

31. For a fee, LexisNexis prepares reports for its customers for insurance underwriting and risk assessment purposes about consumers using information furnished by Defendant and others.

32. As such, the C.L.U.E. reports prepared by LexisNexis are "consumer reports" as defined by the FCRA, *see* 15 U.S.C. § 1681a(d)(1)(A), and LexisNexis is a consumer reporting agency ("CRA"), *see* 15 U.S.C. §§ 1681a(f), 1681b(a)(3)(C).

33. Accordingly, because Defendant provides information to LexisNexis, it is a "furnisher of information" as contemplated by the FCRA and CCRAA.

*Defendant Furnishes Inaccurate Information That Harms Plaintiff*

34. One of Defendant's affiliates, GEICO General Insurance Company, provided personal automobile insurance to Plaintiff and her husband, Ryan Neely.

35. Defendant furnished information about its affiliate's insurance policy, which included information about Plaintiff and her husband, to LexisNexis.

36. Another of Defendant's affiliates, GEICO Casualty Company, provided personal automobile insurance to a husband and wife named Shotaro and Saki Kohama, who have no relationship to Plaintiff whatsoever.

37. Defendant furnished information about its affiliate's insurance policy, which included information about Shotaro Kohama and his wife Saki, to LexisNexis.

38. On their face, records concerning Plaintiff and records concerning the Saki Kohama married to Shotaro Kohama are distinct because, minimally, the two women have different dates of birth, different driver's license numbers, different addresses, and were covered by insurance policies that covered differed automobiles and were identified with different numbers.

39. Nevertheless, Defendant furnished information to LexisNexis that incorrectly associated Plaintiff with the insurance policy of Shotaro Kohama, including an at-fault accident involving his wife, Saki Kohama.

40. Plaintiff has never been associated with an at-fault property damage and/or collision insurance claim with Defendant or any of its affiliates.

41. On or about March 22, 2023, LexisNexis prepared a C.L.U.E. report about Plaintiff and published it to an insurance company for underwriting purposes.

42. The report included the information that Defendant had inaccurately associated with Plaintiff and furnished to LexisNexis including, without limitation, that Plaintiff was associated with an at-fault property damage and/or collision insurance claim.

43. The information harmed Plaintiff by, without limitation, falsely portraying her as an unsafe driver with a tarnished insurance claim history who was riskier to insure than someone without such a history.

44. As a result of Defendant's inaccurate information, the company that received the C.L.U.E. report quoted Plaintiff much higher premiums than would have been the case if Defendant had not associated the inaccurate information with her, and Plaintiff was unable to obtain the rates for personal automobile insurance otherwise available to her.

45. Plaintiff was forced to obtain personal automobile insurance from a different company at rates several hundred dollars a year higher than those the

company that had received the March 22, 2023 C.L.U.E. report would have offered her if the inaccurate information had not been associated with her.

*Plaintiff Disputes the Inaccurate Information Defendant Furnished*

46. Shortly after LexisNexis prepared the C.L.U.E. report that included the inaccurate information Defendant had furnished about her, Plaintiff contacted LexisNexis to dispute the accuracy and/or completeness of Defendant's information.

47. Upon information and belief, pursuant to its independent statutory obligation to notify the furnisher of disputed information upon receipt of a consumer's dispute of that information under FCRA section 1681i(a)(2), LexisNexis provided notice of Plaintiff's dispute to Defendant.

48. Upon receipt of notice of Plaintiff's dispute, Defendant responded to LexisNexis, but failed to correct the inaccurate information.

49. In correspondence responding to Plaintiff's dispute dated April 19, 2023, LexisNexis stated, in relevant part, as follows:

> We have reviewed the information from our Automobile Insurance Claim Records and determined the data being reported as unverifiable. Our files have been updated with data verified with the following source: GOVERNMENT EMPLOYEES INS CO_(GEICO) ONE GEICO LANDING VIRGINIA BEACH VA 23454 (800) 841-3000

50. Additionally, Defendant failed to instruct LexisNexis to mark the information Plaintiff had disputed as "disputed" consistent with its obligation under FCRA section 1681s-2(b).

51. Unsatisfied with this outcome, Plaintiff disputed the inaccurate information to LexisNexis again.

52. Upon information and belief, pursuant to its independent statutory obligation to notify the furnisher of disputed information upon receipt of a consumer's dispute of that information under FCRA section 1681i(a)(2), LexisNexis provided notice of Plaintiff's dispute to Defendant.

53. Upon receipt of notice of Plaintiff's dispute, Defendant responded to LexisNexis, but once again failed to correct the inaccurate information.

54. In response to Plaintiff's second dispute, LexisNexis declared the previously "unverifiable" information as "accurate." In correspondence dated May 26, 2023, it stated, in relevant part, as follows:

> We have reviewed the information from our Automobile Insurance Claim Records and determined the data being reported is accurate. Research was conducted with the following source: GOVERNMENT EMPLOYEES INS CO_(GEICO) ONE GEICO LANDING VIRGINIA BEACH VA 23454 (800) 841-3000

55. Additionally, Defendant failed to instruct LexisNexis to mark the information Plaintiff had disputed as "disputed" consistent with its obligation under FCRA section 1681s-2(b).

56. Unsatisfied with Defendant's second failure to correct the inaccurate information in her LexisNexis file, Plaintiff contacted its affiliate, GEICO Casualty Company.

57. In correspondence to Plaintiff dated June 8, 2023, a representative of GEICO Casualty Company wrote, in relevant part, as follows:

> We have concluded our review and have determined that you, Saki Kohama, were not the driver involved in this loss. We have updated the claim to reflect our driver's correct name and date of birth.

58. Notwithstanding its affiliate's representation to Plaintiff that it had "updated the claim to reflect our driver's correct name and date of birth," Defendant failed to provide this updated information to LexisNexis.

59. After her interaction with GEICO Casualty Company, Plaintiff disputed the inaccurate information to LexisNexis a third time.

60. Upon information and belief, pursuant to its independent statutory obligation to notify the furnisher of disputed information upon receipt of a consumer's dispute of that information under FCRA section 1681i(a)(2), LexisNexis provided notice of Plaintiff's dispute to Defendant.

61. Upon receipt of notice of Plaintiff's dispute, Defendant responded to LexisNexis, but once again failed to correct the inaccurate information.

62. In response to Plaintiffs' third dispute, LexisNexis declared the dispute information "unverifiable." In correspondence to Plaintiff dated August 16, 2023, LexisNexis stated, in relevant part, as follows:

> We have reviewed the information from our Automobile Insurance Claim Records and determined the data being reported as unverifiable. Our files have been updated with data verified with the following source: GOVERNMENT EMPLOYEES INS CO_(GEICO) ONE GEICO LANDING VIRGINIA BEACH VA 23454 (800) 841-3000

63. Again, Defendant failed to instruct LexisNexis to mark the information Plaintiff had disputed as "disputed" consistent with its obligation under FCRA section 1681s-2(b).

64. Plaintiff then contacted GEICO Casualty Company again. In an email dated August 30, 2023, a representative of GEICO Casualty Company wrote to Plaintiff, in relevant part, as follows:

11

> We have conclude[d] our review and have determined that you, Saki Kohama, were not the driver involved in this loss. You were added to this claim by mistaken identity due to having the same name as our insured driver. We have updated the claim to reflect our driver's correct Name (Saki Kohama) and with the correct date of birth of our insured.

65. Notwithstanding its affiliate's representation to Plaintiff that she had been "added to this claim by mistaken identity," Defendant once again failed to provide this updated information to LexisNexis.

66. Indeed, its affiliate's multiple representations demonstrate that Defendant's previous verifications of the inaccurate information it had furnished to LexisNexis in response to the notices of Plaintiff's' previous disputes it received from LexisNexis were factually inaccurate.

67. Now armed with the results of two GEICO Casualty Company investigations, Plaintiff once again disputed the inaccurate information to LexisNexis, providing a copy of the results.

68. Upon information and belief, pursuant to its own statutory obligation to notify the furnisher of the disputed information upon receipt of a consumer's dispute of that information under FCRA section 1681i(a)(2) and to provide copies of relevant materials provided by the disputing consumer, LexisNexis provided notice of Plaintiff's dispute and a copy of the GEICO Casualty Company investigation results to Defendant.

69. As before, upon receipt of notice of Plaintiff's dispute, Defendant responded to LexisNexis, but failed to correct the inaccurate information.

12

70. In correspondence to Plaintiff dated September 26, 2023 in response to her fourth dispute, LexisNexis stated that the disputed information was "accurate," as follows:

> We have reviewed the information from our Automobile Insurance Claim Records and determined the data being reported is accurate. Research was conducted with the following source: GOVERNMENT EMPLOYEES INS CO_(GEICO) ONE GEICO LANDING VIRGINIA BEACH, VA 23454 (800) 841-3000

71. Once more, Defendant failed to instruct LexisNexis to mark the information Plaintiff had disputed as "disputed" consistent with its obligation under FCRA section 1681s-2(b).

72. Notwithstanding her multiple disputes, the inaccurate information associating her with someone else's at-fault insurance claim remained in Plaintiff's LexisNexis file as of September 29, 2023.

73. Defendant did not correct the information Plaintiff had disputed concerning the inaccurate information included in the March 22, 2023 C.L.U.E. report, which remained in her LexisNexis file for some time, and did not mark the information as "disputed," even though Plaintiff had obviously and repeatedly disputed it and despite the fact that its affiliate had twice determined that associating Plaintiff with the at-fault insurance claim information it furnished to LexisNexis about her was in error.

74. As a direct and proximate result of Defendant's above-alleged conduct, Plaintiff suffered harm, including the loss of time and resources associated with her fruitless disputes, higher insurance premiums, and harm to her credit reputation.

75. At all relevant times, Defendant acted through its duly authorized agents, and/or employees with respect to the above-alleged conduct.

76. At all relevant times, Defendant willfully or negligently violated the requirements of FCRA section 1681s-2(b).

## V. CLASS ALLEGATIONS

77. Plaintiff seeks to represent the following Classes:

*Class No. 1 – Failure to Correct Upon Dispute Class*

All individuals with an address in the United States and its Territories concerning whom Defendant received notice from a consumer reporting agency of the individual's dispute of information for whom Defendant failed to correct or remove the disputed information even though Defendant or one of its affiliates had previously determined that the disputing individual was not the driver involved in the loss that was the subject of the disputed information, for the period beginning two years prior to the filing of this matter until the date of the Court's class certification order.

*Class No. 2 – Failure to Mark Disputed Information as "Disputed" Class*

All individuals with an address in the United States and its Territories concerning whom Defendant received notice of a dispute from a consumer reporting agency and for whom Defendant failed to mark the disputed information as "disputed" when it subsequently furnished the information to the consumer reporting agency from which it received notice of the dispute, for the period beginning two years prior to the filing of this matter until the date of the Court's class certification order.

*Class No. 3 – California Inaccurate Furnishing Class*

All individuals with an address in the State of California concerning whom Defendant furnished to one or more consumer reporting agencies, directly or on behalf of one of its affiliated companies, information about an at-fault vehicle insurance claim even though Defendant or one of its affiliates had previously determined that the disputing individual was not the driver involved in the loss that was the subject of the disputed information during the period beginning seven years prior to the filing of this matter until the date of the Court's class certification order.

78. Plaintiff reserves the right to amend the above definitions based upon developments in discovery or as otherwise appropriate and permitted.

79. Members of the Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that they minimally number in the thousands.

80. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether Class members disputed inaccurate information that Defendant had furnished to a CRA about them; whether Defendant failed to correct the disputed information; whether Defendant failed to instruct the CRA to mark the disputed information as "disputed;" whether Defendant's conduct was negligent, willful, or reckless; and whether members of the Classes are entitled to statutory damages, actual and/or punitive damages, and in what amounts.

81. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

82. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel who are experienced in handling FCRA and other consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

83.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

84.     A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from GEICO's records.

## VI.   CLAIMS FOR RELIEF

### COUNT ONE

### On Behalf of Plaintiff and Class No. 1
### for Defendant's Violation of 15 U.S.C. § 1681s-2(b)

85.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

86.     After receiving notice from one or more CRAs of Plaintiff's and Class members' disputes of inaccurate information that Defendant had previously furnished to the CRA about them, Defendant negligently or willfully failed to correct the inaccurate information, in violation of FCRA section 1681s-2(b).

87. Defendant is liable to Plaintiff and members of Class No. 1 for all relief available pursuant to FCRA sections 1681n and 1681o.

## COUNT TWO

### On Behalf of Plaintiff and Class No. 2
### for Defendant's Violation of 15 U.S.C. § 1681s-2(b)

88. Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

89. After receiving notice from one or more CRAs of Plaintiff's and Class members' disputes of information that Defendant had previously furnished to the CRA about them, Defendant negligently or willfully failed to mark the disputed information as "disputed," in violation of FCRA section 1681s-2(b).

90. Defendant is liable to Plaintiff and members of Class No. 2 for all relief available pursuant to FCRA sections 1681n and 1681o.

## COUNT THREE

### On Behalf of Plaintiff and Class No. 3
### for Defendant's Violation of CAL. CIV. CODE § 1785.25(a)

91. Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

92. Notwithstanding patent differences between, without limitation, their dates of birth, driver's license numbers, addresses, insurance policy numbers, vehicle identification numbers, and/or vehicle make, model, and year of production, Defendant furnished information to one or more CRAs about Plaintiff and members of Class No. 3, that inaccurately associated them with the at-fault insurance claim records of other persons.

93.     That is, Defendant knew or should have known that the information it furnished about Plaintiff and members of Class No. 3 was incomplete or inaccurate.

94.     Defendant failed to maintain reasonable procedures to avoid furnishing inaccurate information about Plaintiff and members of Class No. 3.

95.     Defendant negligently or willfully failed to comply with section 1785.25(a) of the CCRAA.

96.     Accordingly, Defendant is liable to Plaintiff and members of Class No. 3 for all relief available pursuant to section 1785.31(a) of the CCRAA.

## VII.    JURY TRIAL DEMAND

97.     Plaintiffs demand trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court grant her the following relief:

A.     certifying the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and her counsel to represent them;

B.     awarding actual damages pursuant to 15 U.S.C. § 1681o(a), CAL. CIV. CODE § 1785.31(a)(1), and/or CAL. CIV. CODE § 1785.31(a)(2)(A);

C.     awarding statutory damages in the amount of not less than $100 and not more than $1,000 per violation to each member of Class No. 1 and Class No. 2 pursuant to 15 U.S.C. § 1681n(a);

D.     awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) to members of Class No. 1 and Class No. 2;

E.  awarding punitive damages in the amount of not less than $100 and not more than $5,000 per violation to each member of Class No. 3 pursuant to CAL. CIV. CODE § 1785.31(a)(2)(B);

F.  enjoining Defendants from future violations of CAL. CIV. CODE § 1785.25(a) pursuant to CAL. CIV. CODE § 1785.31(b);

G.  awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and/or CAL. CIV. CODE § 1785.31(d); and

H.  awarding such other and further relief as may be necessary, just, and proper.

Dated:   March 6, 2024

Respectfully submitted,

SAKI KOHAMA, *individually, and on behalf of all others similarly situated*,

By:   */s/Courtney L. Weiner*
Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 827-9980
cw@courtneyweinerlaw.com

John Soumilas (*pro hac vice* forthcoming)
Jordan M. Sartell (*pro hac vice* forthcoming)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
jsoumilas@consumerlawfirm.com
jsartell@consumerlawfirm.com

*Attorneys for Plaintiffs*