**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| **SAKI KOHAMA**, *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**<br><br>*Defendant.* | Case No. 8:24-cv-00743-TDC |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS**

Upon consideration of Plaintiff Saki Kohama's Motion for Preliminary Approval of the Settlement, Approval and Direction of the Class Notice Plan, and Appointment of the Settlement Administrator, IT IS HEREBY ORDERED:

1. The Settlement Class, defined as:

> those who: (i) filed one or more disputes through LexisNexis Risk Solutions, Inc. between March 13, 2022 and May 1, 2026; (ii) disputed information they contended was incorrectly linked to their C.L.U.E. report or reflected a mixed file (i.e., the disputed information did not belong to them); (iii) disputed information that was not attributable to an insured or member of their household; (iv) received a response from LexisNexis Risk Solutions, Inc. indicating that the source of the disputed information was Defendant; (v) received a response from LexisNexis Risk Solutions, Inc. stating that the disputed information was "unverifiable" or "accurate"; (vi) disputed information which Defendant did not notify LexisNexis Risk Solutions, Inc. should be corrected or removed from their file; (vii) disputed information that remained uncorrected or unremoved from their C.L.U.E. report; and (viii) are reflected in the Settlement Class List generated by Defendant.

2. The Settlement Agreement entered between the parties as of June 18, 2026 (ECF 68-4) appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. The terms of the Settlement Agreement are fully incorporated herein by reference.

3. Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

4. The Court finds that the Settlement Class contains 6,358 individuals.

5. The Court finds that Plaintiff Saki Kohama has and will continue to adequately represent the Settlement Class and hereby appoints her class representative.

6. The Court finds that the attorneys for Plaintiff, James A. Francis and John Soumilas of Francis Mailman Soumilas, P.C. and Courtney Weiner of the Law Office of Courtney Weiner PLLC, have and will continue to adequately represent the Settlement Class and hereby appoints them Class Counsel.

7. The Court appoints Continental DataLogix, LLC as the Settlement Administrator.

8. The Court will hold a Final Approval Hearing pursuant to FED. R. CIV. P. 23(e) at 2:30 p.m. on January 14, 2027, in Courtroom 2B of the United States District Courthouse located at 6500 Cherrywood Lane, Suite 245, Greenbelt, MD 20770 for the following purposes:

A. To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

B. To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the Settlement Agreement;

C. To consider the application of Class Counsel for an award of attorneys' fees and costs; and

D. To consider the application of Class Counsel for a Service Award to the class representative.

9. As set forth in Section VI of the Settlement Agreement, Defendant shall provide a list of Settlement Class members to the Settlement Administrator, with the personal identifying

information as set forth in Section VI's Paragraph 5 provided by LexisNexis Risk Solutions, Inc. pursuant to this Order, within twenty-one (21) days of the date of this Order. The administrator shall thereafter send the agreed-upon Notice to the Settlement Class members in accordance with the terms of the Settlement Agreement.

10. The Court approves the parties' Notices, which are attached to the Settlement Agreement as Exhibits C-E. To the extent the parties or Settlement Administrator determine that ministerial changes to the Notices are necessary before disseminating them to the Settlement Class, they may make such changes without further application to the Court.

11. The Court approves the parties' Notice plan, as set forth in Sections XI-XII of the Settlement Agreement. The Court finds this manner of giving notice fully satisfies the requirements of FED. R. CIV. P. 23 and due process. The Notice Date shall be fifty-six (56) days from the date of this Order.

12. If a Settlement Class member chooses to opt out of the Class, such Class member is required to submit a request for exclusion to the Settlement Administrator. Exclusion Requests must be post-marked on or before the Exclusion Deadline, which shall be one hundred five (105) days from the date of this Order. The request for exclusion must include the items identified in section XIII.2 of the Settlement Agreement. A Settlement Class member who submits a valid request for exclusion using the procedure identified above shall be excluded from the class for all purposes. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final list of any timely Requests for Exclusion received by the Settlement Administrator within five (5) business days after the Exclusion Deadline.

13. A Settlement Class member who does not file a timely and valid request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

14. Any Settlement Class member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection consistent with Section XIII.1 of the Settlement Agreement no later than the Objection Deadline, which shall be one hundred sixteen (116) days after the date of this Order. The notice of objection shall be sent by First Class United States Mail to the Settlement Administrator, the Clerk of the Court, Class Counsel, and counsel for Defendant. The objection must include the following:

A. the name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his or her counsel;

B. the specific legal and factual bases for all objections;

C. whether he or she intends to appear at the Final Approval Hearing, either with or without counsel;

D. a statement of his or her membership in the Settlement Class; and

E. a detailed list of any other objections submitted by the Settlement Class Member, or his or her counsel, to any class action settlement submitted in any court, whether state or federal, in the United States in the previous five (5) years. If the Settlement Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he or she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

Any Settlement Class member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

15. All briefs, memoranda, petitions, and affidavits to be filed in support of an individual service award to the Plaintiff and/or in support in support of Class Counsel's application for attorneys' fees and costs, shall be filed not later than ten days prior to the Objection Deadline. All other briefs, memoranda, petitions, and affidavits that Class Counsel intends to file in support of final approval shall be filed not later than one hundred thirty seven (137) days after the date of the Order. Any responses to such briefs, memoranda, or petitions shall be filed not later than one hundred fifty one (151) days after the date of this Order.

16. Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class members, or the Defendant.

17. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated, the Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

18. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

Dated: 7/6/2026

BY THE COURT:

HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE